**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 16-03039-11-CR-S-MDH |
| **JENNIFER LOUISE MINOR**, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION

The United States of America, by Tammy Dickinson, United States Attorney, and Timothy A. Garrison, Assistant United States Attorney, both for the Western District of Missouri, hereby moves the Court to detain the defendant, Jennifer Louise Minor, without bail pending trial of this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of determining whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

    1.    In light of the Second Superseding Indictment returned in this case on September 28, 2016, there is probable cause to believe that the defendant committed the offenses of:

        a.    conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846;

        b.    distribution of 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B);

      c.    use of a communication facility to facilitate the commission of a drug-related felony, in violation of 21 U.S.C. § 843(b); and

      d.    possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

    2.    The defendant poses a risk to the safety of others in the community; and

    3.    The defendant poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Title 18, United States Code, Section 3142(f) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which imprisonment for 10 years or more is possible. In this case, the defendant is charged by indictment with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, distribution of 5 grams or more of methamphetamine, and possession with intent to distribute methamphetamine, all of which are offenses for which imprisonment for 10 years or more is possible.

The Government further submits that in light of the Second Superseding Indictment returned in this case on September 28, 2016, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), (B), and (C). Accordingly, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure her appearance or assure the

2

Case 6:16-cr-03039-MDH   Document 186   Filed 10/24/16   Page 2 of 4

safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Title 18, United States Code, Section 3142(e) and (f)(1) provide that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp. 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is 10 years to life. The methamphetamine (actual) seized during the investigation of this case weighs well in excess of 4.5 kilograms, the amount necessary to reach the highest Base Offense Level available—level 38—under U.S.S.G. § 2D1.1(c).

Furthermore, the United States respectfully submits that the likelihood of conviction in this case is very high. This investigation lasted almost two and a half years, and resulted in the seizure of more than 50 pounds of methamphetamine attributable to this organization. During the course and in furtherance of the conspiracy, the defendant sold methamphetamine to an undercover law enforcement officer, and later confessed her involvement in this drug trafficking organization to investigating agents.

Finally, after the law enforcement contacts previously described, the defendant was subsequently observed continuing her involvement with this drug trafficking organization. Accordingly, the United States submits that fear of detection by law enforcement does not

deter the defendant from engaging in drug-related criminal activity.  The release of the defendant pending the resolution of this case therefore represents a risk to the safety of others in the community.

## CONCLUSION

The weight of the evidence against the defendant and the substantial sentence she faces provide her with a very strong incentive to flee if she is released on bond.  In addition, there is evidence to show that fear of discovery by law enforcement officers will not deter the defendant from committing criminal acts which endanger the public.  For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By  /s/ *Timothy A. Garrison*
TIMOTHY A. GARRISON, Mo. Bar #51033
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and that I have mailed by United States Postal Service the foregoing document to all non-CM/ECF participants in this case.

/s/ *Timothy A. Garrison*
TIMOTHY A. GARRISON
Assistant United States Attorney